Quentin M. Rhoades
State Bar No. 3969
RHOADES SIEFERT & ERICKSON, P.L.L.C.
430 North Ryman
Missoula, Montana 59802
Telephone: (406) 721-9700
Telefax: (406) 728-5838
qmr@montanalawyer.com

JAMES C. LINGER, OBA#5441
1710 South Boston Avenue
Tulsa, Oklahoma 74119-4810
Telephone (918) 585-2797
Fax (918) 583-8283
bostonbarristers@tulsacoxmail.com
pro hac vice Motion pending

## UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| MONTANA GREEN PARTY, DANIELLE BRECK, CHERYL WOLFE, HARRY C. HOVING, DOUG CAMPBELL, STEVE KELLY, ANTONIO MORSETTE, TAMARA R. THOMPSON, and ADRIEN OWEN WAGNER, | **Cause No. _____** |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| COREY STAPLETON, in his official capacity as Secretary of State for the State of Montana, | |
| Defendant. | |

COME now the Plaintiffs, and for their cause of action against the Defendant, allege and state as follows, to-wit:

<u>PARTIES</u>

I.

Plaintiff MONTANA GREEN PARTY (sometimes hereinafter referred to as MGP) sought recognition as a political party, pursuant to MCA, § 13-10-601(2), in that the MGP conducted a petition drive pursuant to MCA, § 13-10-601(2)(a), for recognition as a Montana political party.

Plaintiff DANIELLE BRECK is a resident of Missoula, Montana, a registered Montana voter, the Coordinator of the MGP, and signed a petition for recognition of the MGP as a Montana political party for 2018.

Plaintiff CHERYL WOLFE is a resident of Polson, Montana, a registered Montana voter, is currently the treasurer of the MGP, and signed a petition for recognition of the MGP as a Montana political party for 2018.

Plaintiff HARRY C. HOVING is a resident of Billings, Montana, a registered Montana voter, is currently the deputy treasurer of the MGP, and signed a petition for recognition of the MGP as a Montana political party for 2018.

Plaintiff DOUG CAMPBELL is a resident of Bozeman, Montana, a registered Montana voter, and is currently a candidate of the MGP for U.S.

Representative for Montana.

Plaintiff STEVE KELLY is a resident of Bozeman, Montana, a registered Montana voter, and is currently a candidate of the MGP for U.S. Senator for Montana.

Plaintiff ANTONIO MORSETTE is a resident of Box Elder, Montana, is a registered Montana voter, and signed a petition for recognition of the MGP as a Montana political party for 2018.

Plaintiff TAMARA R. THOMPSON is a resident of Missoula, Montana, and a registered Montana voter.

Plaintiff ADRIEN OWEN WAGNER is a resident of Heart Butte, Montana, a registered Montana voter, and is currently a candidate of the MGP for State House District 15.

All the above-named individual Plaintiffs are citizens of the State of Montana and the United States of America, and are registered voters in the State of Montana. The individual Plaintiffs hereinabove wish to have the MGP recognized as a political party in the State of Montana and wish to have the right to cast their votes effectively for Montana Green Party candidates in Montana in the 2018 Montana general election and future Montana elections.

II.

Defendant COREY STAPLETON is the Secretary of State for the State of Montana (hereinafter referred to as Defendant Secretary), and is the Chief Election Officer of Montana responsible for administering the election and voter registration laws of the State of Montana pursuant to MCA, § 13-1-201, *et seq.* Specifically, the Defendant SECRETARY has supervisory authority over all county election officers, has responsibility to promulgate, repeal or modify such rules or regulations as he deems necessary to facilitate and assist in achieving and maintaining uniformity in the application, operation, and interpretation of the State and Federal election laws and a maximum degree of correctness, impartiality, and efficiency in administration of the election laws, and to act as the chief state election officer responsible for coordination of state responsibilities and to operate and perform such duties as are prescribed by law for the purposes of overseeing elections conducted in the State of Montana.

The aforesaid Defendant Secretary has offices in Room 260, Montana Capitol Building, Helena, Montana, 59620-2801.

## JURISDICTION AND VENUE

### III.

This is an action for declaratory and injunctive relief. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, §§ 1343(3), 1343(4),

4

2201, and 2202, and 42 U.S.C. § 1983. Venue of this Court is invoked pursuant to Title 28, U.S.C. § 1391.  The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution.

## STATEMENT OF THE CLAIM

### IV.

This proceeding seeks a judgment declaring MCA, § 13-10-601(2)(a), (b), (c), and (d) as applied to the Plaintiffs for the 2018 Montana General Election and all subsequent general elections in the State of Montana and the facts and circumstances relating thereto, unconstitutional in that it violates in its application to the Plaintiffs herein for the 2018 Montana General Election, and all subsequent Montana General Elections, the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983.   This proceeding also seeks an injunction, both temporary and permanent, against Defendant SECRETARY, and his agents, employees, servants, and election officers, prohibiting said Defendant SECRETARY from following and enforcing the provisions of MCA, § 13-10-601(2)(a), (b), (c), and (d) as applied to the Plaintiffs herein for the 2018 Montana General Election, and all subsequent Montana General Elections, to the extent that said statute sets an unconstitutional early deadline of March 12 during the 2018

election year (85 days before the Federal Primary Election) coupled with an unconstitutional petition signature distribution requirement for the formation of new political parties, which must be achieved in at least 34 of the 100 Montana State House Districts based on a set number per House District of the lesser of 150 signatures or 5% of the votes for the winning candidate for Governor of Montana in the Montana State House District in the last gubernatorial election.   As a result of differences in the vote for the winning candidate for Governor of Montana in each of Montana's 100 State House Districts (all of which have approximately the same population as of the 2010 census), the petition signature distribution requirement in 2018 results in the petition signature requirement being 150 signatures in 26 State House Districts, between 100 and 140 signatures in 53 State House Districts, and between 55 and 95 signatures in 21 State House Districts. No other state requires a petition signature distribution requirement as oppressive, unequal, and in such small districts as Montana.   While Montana is the fourth largest state in geographical area in the United States, it is only the 44th out of 50 states in population, the third least densely populated state, and is one of only seven states in the United States that has a single representative in the U.S. House of Representatives.

V.

The laws in question which were stated in rhetorical paragraph IV above, MCA, § 13-10-601(2)(a), (b), (c), and (d), are as follows, to-wit:

**Montana Code Annotated 2017, Title 13, Elections; Chapter 10, Primary Elections and Nominations; Part 6, Nominations by Primary Election**

(2)   (a)   A political party that does not qualify to hold a primary election under subsection (1) may qualify to nominate its candidates by primary election by presenting a petition, in a form prescribed by the secretary of state, requesting the primary election.

(b)     The petition must be signed by a number of registered voters equal to 5% or more of the total votes cast for the successful candidate for governor at the last general election or 5,000 electors, whichever is less.  The number must include the registered voters in more than one-third of the legislative districts equal to 5% or more of the total votes cast for the successful candidate for governor at the last general election in those districts or 150 electors in those districts, whichever is less.

(c)     At least 1 week before the deadline provided in subsection (2)(d), the petition and the affidavits of circulation required by 13-27-302 must be presented to the election administrator of the county in which the signatures were gathered to be verified under the procedures provided in 13-27-303 through 13-27-306.

(d)       The election administrator shall forward the verified petition to the secretary of state at least 85 days before the date of the primary.

VI.

That previous to 1981 the election laws of the State of Montana as to ballot access for political parties were less restrictive, less drastic and demanding in their requirements, and applied equally to all political parties and citizens wishing to

exercise their fundamental rights to political expression and association. Further, no law as to petitions for ballot access for Independent candidates ever required any sort of district distribution requirement.

VII.

By the 5th day of March, 2018, the MGP had turned in a total of petition signatures for the recognition of the Montana Green Party, pursuant to MCA, §13-10-601(2)(b), of 10,160 signatures of which 7,386 were verified by various State Election Officers as valid Montana registered voters. Under current Montana law, 5,000 valid petition signatures of registered Montana voters are required in the year 2018 and future years for the formation of a new political party in Montana. Further, while the MGP and its supporters collected 10,160 unverified petition signatures and submitted them by March 5, 2018 (of which 7,386 petition signatures from 47 State House Districts were later determined to be valid and delivered to the Defendant Secretary on or before March 12, 2018), there were sufficient petition signature numbers collected in 38 of the State House Districts to comply with the State House District distribution requirement ballot access law for political party formation.  However, following legal action by three electors and the Montana Democratic Party in state court, a total of 82 petition signatures in eight State House Districts were found to be invalid for various reasons on July 9, 2018, thus reducing

the number of sufficient petition signatures collected in said eight State House Districts, and reducing from 38 to 30 the State House Districts where the MGP petitions had met the 34 House Districts distribution requirement.  Therefore, under current state law, the MGP was four State House Districts short of the 34 State House Districts required under the petition distribution requirement of MCA § 13-10-601(2)(b) and denied political party recognition even though the MGP had participated in the nomination of candidates in the primary election.

Montana's unnecessarily early aforesaid petition deadline of 85 days before the Federal primary election coupled with the 34 State House District petition signature distribution requirement, and the petitioning time during winter weather for 2018, is unconstitutional, arbitrary, capricious, and lacks any constitutional compelling state interest, and unequally and unfairly impacts in a discriminatory, arbitrary, capricious, and unnecessary manner the rights of small, minor, unrecognized political parties seeking recognition in Montana.  Ballot access deadlines and petition signature distribution requirements which are even less repressive and restrictive than in Montana have been struck down or abrogated in a number of states.  Only a few states have a distribution requirement spread over a designated number of congressional districts—although none of them base their petition requirement on an unequal signature requirement of a percentage of the

winning candidate for any statewide office.  If not for the unconstitutional State House District distribution requirement, the MGP would have had more than enough petition signatures for political party recognition in Montana in 2018.

VIII.

In the election cycle for Montana for the year 2018, the opening of candidate filing for the primary election was January 11, 2018, the close of candidate filing for the primary election was March 12, 2018, while the political party Federal Primary Election was on June 5, 2018, and the Federal General Election is on November 6, 2018.  If MCA, § 13-10-601(2)(b), (c), and (d) is enforced so as to deny the MGP and the individual Montana registered voters who support the MGP the right to a constitutional party formation petition deadline, time period in which to petition during 2018, and—particularly—a constitutional petition signature distribution requirement rather than the current one in place, then the rights to political association, First Amendment free speech, equal protection, and free and equal elections will be abridged and denied.

IX.

Defendant SECRETARY has and will exercise his authority under color of state law in enforcing the aforesaid state laws in such a manner as to be in an unlawful, discriminatory, unequal, unnecessary, capricious, and arbitrary manner, in

violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, in that:

A.     By reason of said required action as set forth in rhetorical paragraph VII above by said Defendant Secretary, through his agents, employees, servants, and state election officers, the Plaintiffs herein will be denied their rights to actively engage in the exercise of their free speech, right to political association, right to form a political party, seek redress of grievances, cast an effective vote, and equal protection and due process of the laws of the State of Montana and the United States of America;

B.     Said required action as set forth in rhetorical paragraph VII above works to further no constitutional compelling state interest or constitutional political purpose for said state election law,  Plaintiffs' fundamental constitutional freedoms are or will be denied and abridged, the law in question works in an unequal and discriminatory manner in that it favors the established and entrenched political parties, and the aforesaid statute in question is not framed in the least restrictive manner necessary to achieve the legitimate state interests in regulating ballot access, particularly as relating to the unnecessarily early petitioning filing deadline, unnecessary and constitutionally inequitable requirement for petition signatures to be distributed in certain required numbers in 34 State House Districts (which

actually discourages the collecting of petition signatures statewide and encourages the collecting of signatures in less than a majority of House Districts in pursuit of the required numbers in 34 House Districts), and the necessitating because of the petition signature deadline of collecting petition signatures during winter months in 2018 and thereafter for new political parties in Montana.

X.

Plaintiffs herein will suffer immediate and irreparable harm in the event that the complained of actions set forth in rhetorical paragraphs VII and VIII hereinabove are allowed to occur, thus, preventing the recognition of the MGP and the placement of its nominees on the Montana general election ballot for 2018.  The effect of the aforesaid complained of actions would be to effectively deny Plaintiffs those rights enumerated hereinabove in rhetorical paragraph IX(A).  Plaintiffs have no adequate remedy at law for the denial of their rights and the impairment of the constitutional rights, privileges, and immunities enjoyed by a citizen of the United States and the State of Montana, and, unless a preliminary injunction and a permanent injunction are granted, Plaintiffs will suffer great and irreparable harm.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment:

1.     Declaring that the said required actions as set forth in rhetorical

12

paragraphs VII, VIII, and X above pursuant to MCA, § 13-10-601(2)(b), (c), and (d) are illegal and unconstitutional, particularly as applied to the facts of the case at bar in that they are in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983;

2.      Entering a preliminary and permanent injunction restraining, prohibiting, and enjoining the Defendant Secretary to the instant action, his agents, employees, servants, and state election officers, and all persons in active concert and participation with him, from enforcing, applying, or implementing the aforesaid complained of state election laws as applied to the instant Plaintiffs and all similarly situated individuals so as to require an unconstitutionally early deadline for the submission of petitions to recognize a new political party in Montana, along with an unconstitutional petition signature distribution requirement (so that the MGP and its nominees are kept off the Montana general election ballot in 2018), and, therefore, ordering the Defendant Secretary to recognize the MGP and place its nominees on the 2018 general election ballot.

3.      Awarding Plaintiffs the reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988; and

4.      Granting Plaintiffs such further relief as to which they may be entitled

and which the Court may deem equitable and just.

Dated this 13th day of August, 2018.

MONTANA GREEN PARTY, DANIELLE BRECK, CHERYL WOLFE, HARRY C. HOVING, DOUG CAMPBELL, STEVE KELLY, ANTONIO MORSETTE, TAMARA R. THOMPSON, and ADRIEN OWEN WAGNER, Plaintiffs

By: /s/ Quentin M. Rhoades
QUENTIN M. RHOADES
Rhoades, Siefert & Erickson, PLLC
430 N. Ryman
Missoula, MT 59802
Telephone (406) 721-9700
Fax (406) 721-5838
qmr@montanalawyer.com
Counsel for Plaintiffs

JAMES C. LINGER, OBA#5441
1710 South Boston Avenue
Tulsa, Oklahoma 74119-4810
Telephone (918) 585-2797
Fax (918) 583-8283
bostonbarristers@tulsacoxmail.com
*pro hac vice* Motion pending