TIMOTHY C. FOX
Montana Attorney General
MATTHEW T. COCHENOUR
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
mcochenour2@mt.gov

COUNSEL FOR DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MONTANA GREEN PARTY, DANIELLE BRECK, CHERYL WOLFE, HARRY C. HOVING, DOUG CAMPBELL, STEVE KELLY, ANTONIO MORSETTE TAMARA R. THOMPSON, and ADRIEN OWEN WAGNER,<br><br>    Plaintiff,<br><br> v.<br><br>COREY STAPLETON, in his official capacity as Secretary of State for the State of Montana,<br><br>    Defendant. | Cause No. 6:18-cv-00087<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)** |

  Defendant files this brief in support of his motion to dismiss. This Court should grant the motion for the reasons set forth below.

# INTRODUCTION

The rules of civil procedure require that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint in this case, though relatively short, is far from plain. Although brimming with constitutional platitudes, it fails to include any counts for relief or elements for any causes of action, and it advances no cognizable legal theory. While these features make this complaint a prime candidate for a more definite statement under Fed. R. Civ. P. 12(f), it is also clear that the Plaintiffs (collectively, MGP) have failed to state a claim upon which relief can be granted. This Court should dismiss this action under Fed. R. Civ. P. 12(b)(6) and the standards established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

# ARGUMENT

**Plaintiffs' Complaint should be dismissed for failure to state a claim because it fails to meet the pleading requirements of Fed. R. Civ. P. 8 and *Iqbal*.**

Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A "claim for relief" encompasses both "a legal right and its

violation," otherwise known as a cause of action. *Karseal Corp. v. Richfield Oil Corp.*, 221 F.2d 358, 360 n.1 (9th Cir. 1955). A complaint that fails to provide fair notice of the plaintiff's legal theory or sufficient facts supporting the legal theory is inadequate and should be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (Internal citation and quotation marks omitted); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.")

While a complaint need not contain detailed factual allegations, it must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a complaint that offers only conclusory statements or a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 676 (quoting *Twombly*, 550 U.S. at 555).

To state a claim under 42 U.S.C. § 1983, MGP must allege that a person acting under color of state law violated the plaintiffs' federal

constitutional rights. *Lebbos v. Judges of Superior Court*, 883 F.2d 810, 814 (9th Cir. 1989). Additionally, the factors that MGP must satisfy to allege that a right has been violated depend on the constitutional right at issue. *Iqbal*, 556 U.S. at 676 ("The factors necessary to establish a *Bivens* violation will vary with the constitutional provision at issue."); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (same in § 1983 context).

The Supreme Court's analysis of the complaint in *Iqbal* demonstrates the type of allegations that fall short of sufficiently stating a claim under Rule 8. Iqbal's complaint alleged that, after the terrorist attacks of September 11, 2001, Attorney General John Ashcroft and FBI Director Robert Mueller adopted an unconstitutional confinement policy and that they "knew of, condoned, and willfully and maliciously agreed to subject" Iqbal to harsh confinement conditions "as a matter of policy, solely on account of [his] religion, race and/or national origin and for no legitimate penological interest." *Iqbal*, 556 U.S. at 680 (citation omitted). Iqbal alleged that Ashcroft was the "principal architect" of the "invidious policy" and that Mueller was "instrumental" in implementing the policy. *Id*. at 681.

Although these allegations seem clear enough, the Court rejected them as insufficient, holding that many of Iqbal's allegations were simply "bare assertions" not entitled to an assumption of truth. *See Iqbal*, 556 U.S. at 680-83. The Court reasoned, "It is the conclusory nature of the respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id*. at 681. The Court further determined that Iqbal's remaining allegations failed to plausibly show that the government had engaged in purposeful discrimination on account of race, religion, or national origin. *Id*. at 680-83.

In this case, the Montana Green Party's complaint falls far short of the standards set forth in *Iqbal*. First, the complaint fails to set forth any clear causes of action. While *Twombly* and *Iqbal* establish that a "formulaic recitation of the elements of a cause of action will not do," *see Iqbal*, 556 U.S. at 676, MGP's complaint does not even rise to that level. The complaint fails to include the elements for any cause of action; not only are there no "counts" set forth in the complaint, but there is no mention of any elements that MGP would need to satisfy to prove a

violation under any of the rights mentioned in the complaint's "rhetorical" paragraphs. *See e.g.*, Doc. 1, ¶ IX(A).

For example, in paragraph 9, the complaint sets forth a litany of rights that the Montana statute governing primary elections ostensibly denies: "Plaintiffs herein will be denied their rights to actively engage in the exercise of their free speech, right to political association, right to form a political party, seek redress of grievances, cast an effective vote, and equal protection and due process of the laws of the State of Montana and United States of America." But MGP fails to articulate any legal theory for these claims, and it fails to set forth the factors that it would need to satisfy to prevail, which, of course, will vary depending on the constitutional provisions that are at issue. *See Iqbal*, 556 U.S. at 676.

Moreover, the supposed harms that MGP alleges are nothing more than "bare assertions" of the sort rejected in *Iqbal*. In addition to the language discussed above, MGP alleges:

> Montana's unnecessarily early aforesaid petition deadline of 85 days before the Federal primary election coupled with the 34 State House District petition signature distribution requirement, and the petitioning time during winter weather for 2018, is unconstitutional, arbitrary, capricious, and lacks any constitutional compelling state interest, and unequally and unfairly impacts in a discriminatory, arbitrary, capricious, and unnecessary

manner the rights of small, minor, unrecognized political parties seeking recognition in Montana.

Doc. 1, ¶ VII. Plaintiffs make similar statements throughout their complaint. *See e.g.*, Doc. 1, ¶¶ IX, X. But other than containing a collection of constitutional buzzwords, these paragraphs offer nothing but conclusory statements, which are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 681.

Because MGP has failed to allege the elements of any constitutional claims, the Court should dismiss this action. *See Kildare v. Saenz*, 325 F.3d 1078, 1085-86 (9th Cir. 2003). In *Kildare*, for example, the Ninth Circuit affirmed the district court's dismissal of a § 1983 action for failure to state a claim for a denial of due process. The Court first set forth the two-part framework to state a claim for relief under § 1983, cited above. *Id.* at 1085. The Court next set forth the two elements a plaintiff must allege for a procedural due process claim: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Id.* In holding that the district court had properly dismissed plaintiff's § 1983 action, the Court reasoned that the plaintiff had failed to show that the second due process element was met, and thus had failed to allege a deprivation of procedural due

process. *Id.* at 1086. *See also, Ocasio v. Perez*, 735 Fed. Appx. 418, 419 (9th Cir. 2018) (district court properly dismissed claims because plaintiff failed to allege whether state defendants had deprived him of substantive due process or procedural due process).

Moreover, while it is clear that MGP's complaint fails to state any claims, it is also clear that MGP attempts to seek relief that this Court cannot grant. In particular, Plaintiffs claim that their rights will be denied under "the laws of the State of Montana . . . ." *See* Doc. 1, ¶ IX(A). But § 1983 does not provide a mechanism for vindicating state law violations. *Galen v. County of Los Angeles*, 447 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires Galen to demonstrate a violation of federal law, not state law."). Further, the Eleventh Amendment bars § 1983 claims against state officials based on allegations that the officials violated state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984) ("a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment," including claims brought under pendant jurisdiction). MGP is entitled to no relief based on any alleged violations of Montana law.

In conclusion, MGP's complaint fails to set forth any cognizable legal theory for relief and it rests on conclusory statements and bare assertions of harms. Thus, it falls short of what the federal rules of procedure require. Defendant respectfully asks this Court to dismiss this action.

## **CONCLUSION**

For the reasons set forth above, this Court should grant Defendant's motion to dismiss.

Respectfully submitted this 18th day of October, 2018.

>TIMOTHY C. FOX
>Montana Attorney General
>MATTHEW T. COCHENOUR
>Assistant Attorney General
>215 North Sanders
>P.O. Box 201401
>Helena, MT 59620-1401
>
>By:   */s/ Matthew T. Cochenour*
>     MATTHEW T. COCHENOUR
>     Assistant Attorney General
>     Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the cm/ecf system. Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  October 18, 2018          */s/ Matthew T. Cochenour*
                                                   MATTHEW T. COCHENOUR
                                                 Assistant Attorney General
                                                 Counsel for Defendant

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 1,556 words, excluding certificate of service and certificate of compliance.

                                                 */s/ Matthew T. Cochenour*
                                               MATTHEW T. COCHENOUR
                                               Assistant Attorney General
                                               Counsel for Defendant