UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MONTANA GREEN PARTY, DANIELLE BRECK, CHERYL WOLFE, HARRY C. HOVING, DOUG CAMPBELL, STEVE KELLY, ANTONIO MORSETTE TAMARA R. THOMPSON, and ADRIEN OWEN WAGNER,<br>　　　　　Plaintiffs,<br>　v.<br><br>CHRISTI JACOBSEN, in her official capacity as Secretary of State for the State of Montana,<br>　　　　　Defendant. | CV-18-00087-H-BMM-JTJ<br><br>**CONSENT JUDGMENT** |

WHEREAS, the Plaintiffs filed this action on August 13, 2018 (Doc. 1), with a first amended complaint filed on January 14, 2019 (Doc. 29), as a ballot access case on behalf of Montana voters and the Montana Green Party in regard to what had been an initially successful petition drive in 2018 to have the Montana Green Party recognized in Montana pursuant to the requirements of Mont. Code Ann., §§ 13-10-601(2)(a), (b), (c), and (d)[1], which require, along with certain other specific requirements as to the distribution requirements of an unequal minimum number of petition signatures from at least 34 of the 100 State House Districts, at

---

[1] These were the operative statutes when originally challenged, but those statutes have since been amended. The current operative statute is Mont. Code Ann. §13-10-606(2), as noted below.

least 5,000 valid petition signatures of registered Montana voters in order to form a new Montana political party; and

WHEREAS, the aforesaid action was originally filed against Corey Stapleton, in his official capacity as Secretary of State for the State of Montana, for which Christi Jacobsen, in her official capacity as Secretary of State for the State of Montana, was subsequently substituted for Corey Stapleton as the party Defendant herein; and

WHEREAS, the 2018 petition drive and a subsequent petition drive in 2020 to place the Montana Green Party on the ballot, after initially being successful, were subsequently unsuccessful because of the distribution requirement of an unequal minimum number of petition signatures, based on the vote for the successful statewide candidate for governor in the previous gubernatorial election in the State House District in at least 34 of the 100 State House Districts, not being met; and

WHEREAS, this Court on March 20, 2020, granted a motion for summary judgment in favor of Defendant and denied a motion for summary judgment filed by Plaintiffs (Doc. 65), and entered a judgment in favor of Defendant (Doc. 66), for which Plaintiffs filed an appeal with the United States Court of Appeals for the Ninth Circuit (Doc. 67); and

WHEREAS, Montana amended its election law, changing in some respects the provisions challenged by Plaintiffs—see 2021 Mont. Laws, ch. 399 (S.B. 350), after the case had been argued before the Ninth Circuit and for which the Appellate Court requested supplemental briefs addressing whether the amendments mooted Plaintiffs' appeal; and

WHEREAS, on November 8, 2021, the United States Court of Appeals for the Ninth Circuit affirmed in part and reversed in part this Court's decision of March 20, 2020, in granting a motion for summary judgment in favor of Defendant and denying a motion for summary judgment filed by the Plaintiffs. *Montana Green Party v. Stapleton*, 474 F.Supp.3d 979 (D. Mont. 2020), *aff'd in part & rev'd in part*, *Montana Green Party v. Jacobsen*, 17 F.4th 919 (9th Cir. 2021), wherein the Ninth Circuit found that the amended law disadvantages the Plaintiffs to a slightly greater degree than the previous law, but does not fundamentally change either the challenged provisions or the applicable analysis so that the amendments did not render Plaintiffs' appeal moot and that the laws in question to the extent that they require an unequal petition distribution requirement in at least 34 of the 100 State House districts for Montana is a violation of the right to equal protection under the Fourteenth Amendment; and

WHEREAS, the time for filing a petition for rehearing in the Ninth Circuit has passed, the Ninth Circuit has issued its mandate on November 30, 2021 (Doc.

76), the Ninth Circuit's Order granting appellants' alternative motion to transfer consideration of attorney's fees on appeal to the District Court was filed with the District Court on January 20, 2022 (Doc. 77), and the Defendant has decided not to file a petition for writ of certiorari to the U.S. Supreme Court; and

WHEREAS, 7,299 registered Montana voters in 2018 and more than 10,000 registered Montana voters in 2020 signed petitions for the recognition of the Montana Green Party which resulted in the Montana Secretary of State recognizing the Montana Green Party, allowing primary elections for the Montana Green Party, but subsequently resulting in the Montana Green Party being removed from the Montana ballot in both 2018 and 2020 because of the aforesaid distribution requirement of an unequal minimum number of petition signatures from at least 34 of the 100 State House Districts; and

WHEREAS, there has been a showing of a significant modicum of support for recognition of the Montana Green Party in both 2018 and 2020 which ultimately failed to obtain ballot status for the General Election in Montana because of the application of the aforesaid distribution requirement of an unequal minimum number of petition signatures from at least 34 of the 100 State House Districts; and

WHEREAS, the Montana legislature will not be in session again until the year 2023 to reapportion the State's 100 State House Districts based on the 2020

Census, amend the ballot access laws in question herein, and thus leaving Montana with the same State House Districts as were in effect after the 2010 Census and during the 2018 and 2020 General elections, and continuing in effect for the 2022 General Election in Montana; and

WHEREAS, the Plaintiffs in their amended complaint and motion for summary judgment pleadings requested that the laws in question be declared unconstitutional, a permanent injunction be issued barring their enforcement, and placing the Montana Green Party on the Montana ballot for the next election cycle; and

WHEREAS, Plaintiffs and Defendant through their counsel have discussed the current status of the case and have reached a settlement of the claims asserted in this case under which the parties have agreed to the entry of this Consent Judgment, and filed a Joint Motion for Consent Judgment; and

Accordingly, it is this _____ day of March, 2022, hereby

ORDERED that the Joint Motion is granted; and it is further

ORDERED that judgment is entered in favor of Plaintiffs and against Defendant, Christi Jacobsen, in her official capacity as the Secretary of State for the State of Montana, declaring Mont. Code Ann. § 13-10-606(2) unconstitutional to the extent it is in violation of one person, one vote as to that part of the distribution requirement indexed to 5% of the vote for the previous gubernatorial

candidate winner in each house district, the Fourteenth Amendment to the United States Constitution, and 42 U.S.C., § 1983 to the extent that they require an unequal petition distribution requirement in at least 34 of the 100 State House Districts for Montana; and that the Defendant is permanently enjoined from enforcing said laws as to the aforesaid unequal petition distribution requirement; that Defendant is ordered to recognize the Montana Green Party as a political party in the State of Montana for the Montana election cycle in 2022, and that the invalid distribution requirement is severable from the rest of Montana's primary ballot access scheme.

ORDERED that Plaintiffs' request for the award of attorney's fees and costs pursuant to 42 U.S.C. §1988 and 28 U.S.C. §1920 for work done in both the District Court and on appeal in the U.S Court of Appeals for the Ninth Circuit is settled by the parties by compromise agreement. Plaintiffs are awarded for Plaintiffs' counsel James C. Linger for work done in the District Court and on appeal total attorney fees in the amount of $46,920.00, non-taxable costs in the amount of $1,840.60, and taxable costs in the amount of $1,362.20, for a total judgment as to Mr. Linger of $50,122.80; and Plaintiffs are awarded for Plaintiffs' counsel Quentin M. Rhoades, Rhoades, Siefert & Erickson, P.L.L.C. for work done in the District Court total attorney fees in the amount of $18,168.07, and costs in the amount of $1,624.35, for a total judgment as to Mr. Rhoades, Rhoades Siefert

& Erickson, P.L.L.C. of $19,792.42 for a total judgment as to all attorney fees and costs of $69,915.22 against Defendant. Counsel for Plaintiffs waive any claim for any additional attorney fees or costs in this matter in exchange for this consent judgment.

Dated this 30th day of March, 2022.

_____
Brian Morris, Chief District Judge
United States District Court